**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WALTER REAVES, IV,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-cv-3678** |
| **CITY OF PHILADELPHIA, *et al.*,** *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.** **OCTOBER 23, 2026**

Before the Court are two related motions arising out of Defendants the City of Philadelphia's, Detective David J. Tighe's, and Detective Jeremy Tees' (collectively, "Defendants") failure to timely file an answer or otherwise respond to Plaintiff's Complaint: Plaintiff's *pro se* Motion for Default Judgment (ECF No. 13), and Defendants' Motion to Set Aside Default (ECF No. 17). For the reasons set forth below, the Court will **GRANT** Defendants' Motion to Set Aside Default (ECF No. 17), and **DENY AS MOOT** Plaintiff's Motion for Default Judgment (ECF No. 13).

## I. BACKGROUND

On May 29, 2026, Plaintiff filed a *pro se* Complaint against Defendants the City of Philadelphia, Detective David J. Tighe, Detective Jeremy Tees, the Philadelphia Police Department, the Pennsylvania Justice Network, and John Doe Officers. *See* ECF No. 2. Upon screening Plaintiff's Complaint, the Court dismissed all claims asserted against the Philadelphia Police Department and the Pennsylvania Justice Network with prejudice, in addition to the official capacity claims that Plaintiff asserted against Detectives Tighe and Tees. *See* ECF No. 5 at 1–2. The case then proceeded to service by the U.S. Marshals Service. *See id.* at 3; *see also* ECF No. 9. On July 24, 2026, the summonses for Defendants the City of Philadelphia, Detective Tighe,

and Detective Tees were returned executed. *See* ECF No. 10. Accordingly, their deadline to file an answer or otherwise respond to Plaintiff's Complaint was August 14, 2026—i.e., twenty-one days after service of the summonses and Complaint. *See id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i).

Defendants failed, however, to respond to Plaintiff's Complaint by August 14, 2026. Subsequently, Plaintiff requested that the Clerk of Court enter a default against Defendants, *see* ECF No. 12, and a default was entered on September 15, 2026. *See* ECF No. 14. Plaintiff also filed a Motion for Default Judgment against Defendants. *See* ECF No. 13. On September 22, 2026, the Court scheduled a hearing on Plaintiff's Motion (ECF No. 13), and directed the Clerk of Court to mail a copy of its Order to the City of Philadelphia Law Department. *See* ECF No. 15.[1]

Less than two weeks later, an attorney entered his appearance on behalf of Defendants. *See* ECF No. 16. On October 7, 2026, Defendants filed a Motion to Set Aside Default and attached a proposed draft Answer to Plaintiff's Complaint. *See* ECF Nos. 17, 17-1. That same day, Defendants also filed an Opposition to Plaintiff's Motion for Default Judgment. *See* ECF No. 18. On October 16, 2026, Plaintiff filed an Opposition to Defendants' Motion to Set Aside Entry of Default. *See* ECF No. 19.

Plaintiff's Motion for Default Judgment (ECF No. 13) and Defendants' Motion to Set Aside Default (ECF No. 17) are both before the Court.

## II. <u>LEGAL STANDARD</u>

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default" upon the moving party's request. Fed. R. Civ. P. 55(a). "The time between the entry of default and the entry of default judgment

---

[1] The hearing on Plaintiff's Motion for Default Judgment has since been cancelled. *See* ECF No. 20.

provides the defendant with an opportunity to move, pursuant to Rule 55(c), to vacate the default." *United States v. Mulvenna*, 367 F. App'x 348, 350 (3d Cir. 2010). Under Federal Rule of Civil Procedure 55(c), a court is authorized to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982). "'[A]ny of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment.'" *Id.* (quoting 10 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2696 at 344 (1973)). Moreover, the Third Circuit "does not favor defaults" and has noted that "in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). When "exercising its discretion in granting or denying a motion to set aside a default under Rule 55(c)[,]" a district court is instructed to consider the following three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256–57 (3d Cir. 2008) (internal quotations and citation omitted).

## III. DISCUSSION

For the reasons set forth below, and after considering the relevant factors, the Court finds that Defendants have demonstrated good cause for their failure to timely respond to Plaintiff's Complaint. Accordingly, the Court will exercise its discretion to set aside the default that was entered by the Clerk of Court against Defendants.

**A. Whether Plaintiff Will Be Prejudiced**

The Court begins with prejudice. When deciding whether a plaintiff will be prejudiced if an entry of default is set aside, courts consider "the loss of available evidence, whether there is increased potential for collusion or fraud, and whether the plaintiff substantially relied upon the default." *7-Eleven, Inc. v. Lakshmi Mini Mart LLC*, No. 25-cv-2945, 2025 WL 2963973, at *2 (E.D. Pa. Oct. 17, 2025) (internal quotations and citation omitted); *see also Feliciano*, 691 F.2d at 657. It is well-settled that a "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent" the setting aside of an entry of default. *Id.* at 656–57.

Nothing in the record before the Court suggests that setting aside the entry of default will unfairly prejudice Plaintiff or "hinder his ability to pursue his claims" at this early stage in the litigation. *Mir v. Behnke*, 680 F. App'x 126, 129 (3d Cir. 2017). With respect to prejudice, Plaintiff principally argues that evidence may be lost due to Defendants' failure to timely file an answer or otherwise respond to his Complaint. *See* ECF No. 19 at 5–6. Plaintiff contends that body worn camera footage, "facial recognition search logs; the DNA collection and chain-of-custody records; and the investigative file" are "records [that] are subject to routine retention and deletion schedules" and "[e]very month of delay increases the risk that records central to proving the misidentification are lost before they can be produced." *Id.* at 6. Plaintiff does not provide any support for his contention that those records may have been lost or are unavailable. To the contrary, elsewhere in his Opposition, Plaintiff suggests that evidence does exist, but claims that "Defendants have chosen not to produce" it. *See id.* at 4; *see also* ECF No. 17 at 8 & n.2 (representing that documentary evidence exists). Moreover, Plaintiff's Complaint arises out of events that occurred on December 18, 2024, yet Plaintiff did not initiate this action until May 29,

2026. *See* ECF No. 2 at 2. Accordingly, it is difficult to credit Plaintiff's concern that "[e]very month of delay increases the risk" of losing evidence when Plaintiff initially waited seventeen months to pursue his claims. ECF No. 19 at 6.

Furthermore, courts routinely find that "[b]eing forced to litigate an action on the merits"—as Plaintiff will be required to do here—"does not constitute prejudice." *Blecher v. Choice Hotels Int'l, Inc.*, No. 25-cv-4850, 2026 WL 907583, at *2 (E.D. Pa. Apr. 2, 2026) (citation omitted). "Nor does prejudice typically result from the costs incurred by setting aside" the entry of default. *Miller v. Metro One Loss Prevention Servs. Grp.*, No. 23-cv-1729, 2025 WL 935956, at *2 (M.D. Pa. Mar. 27, 2025) (citation omitted). In addition, Plaintiff does not argue that he substantially relied upon the entry of default, or that there is increased potential for fraud or collusion. Therefore, the Court finds that Plaintiff will not be unfairly prejudiced if the entry of default is set aside.

**B. Whether Defendants Have a Meritorious Defense**

Next, the Court considers whether Defendants have a meritorious defense to Plaintiff's claims. A defendant has demonstrated a meritorious defense "when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (internal quotations and citation omitted). Put another way, a defendant should "set forth with some specificity the grounds for his defense." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 195 (explaining that defendants must "allege[] specific facts beyond simple denials or conclusionary statements"). However, the Third Circuit has explained that it "do[es] not require that a defendant's answer be in such detail that it meets summary judgment standards." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 141 (3d Cir.

2017) (internal quotations and citation omitted); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (explaining that a defendant's meritorious defense "[n]eed not establish the actual liability . . . beyond doubt in its pleading"); *Feliciano*, 691 F.2d at 657 (noting that courts should "express no view on the merits" of a defense and should assess only whether the defendant has stated a "prima facie" defense).

Defendants argue that they have meritorious defenses to Plaintiff's claims, such as that officers had probable cause to arrest Plaintiff based on witness identifications and "stills captured from surveillance video [that] resembled Plaintiff." ECF No. 17 at 8. In addition, after an "initial investigation" into the case, Defendants claim that they "will adduce evidence entirely contrary to Plaintiff's narrative." *Id.* For instance, Defendants represent that, notwithstanding Plaintiff's description of his arrest, "facial recognition was not used to develop Plaintiff's identity, and the investigative file for the underlying robberies in question contains no reference to facial recognition." *Id.* And Defendants further represent that "it is implausible" based on documentary evidence that "a DNA test was concluded within hours of Plaintiff's detention causing his release" and that "Defendants swore out that a DNA match [was] found in affidavits *before* they swabbed Plaintiff." *Id.* In addition, Defendants have asserted a number of affirmative defenses in their proposed draft Answer, such as the defense of qualified immunity. *See* ECF No. 17-1 at 7–8. Accordingly, the Court finds that Defendants have presented defenses that, "if substantiated," may be meritorious, which "weighs in favor of" setting aside the entry of default. *Blecher*, 2026 WL 907583, at *3 (internal quotations and citation omitted).

**C. Whether the Default Was the Result of Culpable Conduct**

Finally, the Court turns to culpability. In the context of determining whether to set aside an entry of default after a "failure to timely answer[,] . . . culpable conduct means actions taken

willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123–24 (3d Cir. 1983). "'Willfulness' or 'bad faith' means 'more than mere negligence' but can be satisfied with less than 'knowing disregard.'" *Mrs. Ressler's Food Prods.*, 675 F. App'x at 142 (quoting *Hritz*, 732 F.2d at 1182–83). If "a defendant purposefully declines to file a response to a plaintiff's pleading," that defendant has acted "willfully or in bad faith." *Blecher*, 2026 WL 907583, at *3 (citing *Wells v. Rockefeller*, 728 F.2d 209, 214 (3d Cir. 1984)). However, if "a defendant negligently fails to plead or otherwise defend, he does not act willfully or in bad faith." *Id.* (citing *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 148 (E.D. Pa. 2001)).

Here, Defendants have exhibited no more than negligence in failing to timely file an answer or otherwise respond to Plaintiff's Complaint. After the Court directed the Clerk of Court to mail a copy of its September 22, 2026 Order scheduling a hearing on Plaintiff's Motion for Default Judgment to the City of Philadelphia Law Department, *see* ECF No. 15, an attorney entered his appearance on behalf of Defendants less than two weeks later. *See* ECF No. 16. Defendants then promptly filed a Motion to Set Aside Default, a proposed draft Answer to Plaintiff's Complaint, and an Opposition to Plaintiff's Motion for Default Judgment. *See* ECF Nos. 17, 17-1, 18. Defendants indicate that an attorney "was inadvertently not assigned to" this case "when the Law Department accepted service on July 24, 2026[,]" so their delay was due to "an administrative oversight in a system that processes a large volume of new civil actions and other served papers regularly." ECF No. 17 at 5, 9. Defendants further represent that they were not "intentional[ly] attempt[ing] to delay this litigation or gain a strategic advantage." *Id.* at 5. While the Court does not condone Defendants' failure to file an answer for almost two months after it was due, the Court is persuaded that Defendants did not act willfully or in bad faith; rather, their conduct is "excusable" and is not indicative of reckless disregard for Plaintiff's or the Court's

communications. *Mrs. Ressler's Food Prods.*, 675 F. App'x at 142; *see also Farnese*, 687 F.2d at 764 (explaining there was "no evidence of record to support a finding that defendant's conduct in allowing the default was willful or in bad faith[,]" and "the record [instead] tends to indicate no more than that defendant or his counsel was neglectful"). Accordingly, the Court finds that the entry of default was not a result of Defendants' culpable conduct.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Set Aside Default (ECF No. 17), and deny as moot Plaintiff's Motion for Default Judgment (ECF No. 13). Defendants the City of Philadelphia, Detective David J. Tighe, and Detective Jeremey Tees shall promptly file an answer to Plaintiff's Complaint. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**